**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DAVID WAYNE BOYLES                                                                                   PLAINTIFF

V.                                              2:06CV00176 WRW/HDY

RAY HOBBS *et al.*                                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the

1

      hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, while incarcerated, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging claims that included a denial of the right to free exercise of religion, denial of medical care, and issues involving conspiracy and retaliation in the failure to process grievances. Counsel was appointed to represent him in this matter, and Plaintiff has been released from prison. Separate Defendants Banks, Hobbs, Mobley and Harmon were granted summary judgment in an Order dated November 26, 2008. The claims against Defendant Shaconda Brown were dismissed on February 6, 2009, and the sole remaining Defendant is Mr. Scudamore, for whom service has not been returned executed.

Plaintiff first filed these claims in *Boyles v. Hobbs et al.*, 2:04CV00006 WRW, which was dismissed without prejudice for failure to exhaust administrative remedies. Defendant Scudamore was served with notice of that lawsuit, although he did not file an Answer or otherwise respond.

Upon the completion of the administrative remedy process, Plaintiff filed the instant case, which was a new and separate lawsuit requiring new service of process to properly bring the parties before the Court's jurisdiction.

On September 21, 2006, the Court authorized service of the Complaint on the Defendants in this action and directed the Clerk of the Court to refer to Plaintiff's earlier filing, case number 2:06CV00006 WRW, for the Defendants' last-known addresses in the Court's possession. However, the Court's attempt to serve Defendant Scudamore at the address at which he had been previously located was returned unexecuted on October 4, 2006 (docket entry #17). Following the pre-jury hearing on May 24, 2007, counsel was appointed to represent Plaintiff in this action (docket entry #66). The Court's docket entries do not indicate what actions have been taken by Plaintiff or his counsel to locate Defendant Scudamore for the purposes of executing service, but there has been no request for an extension of time allowed for service. In the Report and Partial Recommendations entered by the undersigned on January 8, 2009 (docket entry #98), it was noted that "there are no further actions that the Court can take on Plaintiff's behalf. Plaintiff is, therefore, placed on notice that the Court will be recommending the dismissal also of Defendant Scudamore, on the grounds of lack of service, in the absence of good cause shown in his objections to this Partial Recommended Disposition."

Plaintiff's counsel filed Objections (docket entry # 99) to the Partial Recommendations on January 19, 2009 and stated that Plaintiff asserted that he had provided his "only copy" of "written documentation verifying the service of process upon Scudamore [at] the pre-jury evidentiary hearing" on May 24, 2007. Plaintiff sought leave to "review the transcript" of that hearing to determine who took possession of this "documentation."

3

While pre-jury evidentiary hearings are not transcribed in written form unless specifically requested by one of the parties, the hearings are tape-recorded. These tapes of the hearings are available for counsel to listen to, but the Court is not aware of any arrangements having been made to do so. Exhibits that are offered at these hearings are given numbers and made a part of the record as well, but after a recommendation is made to the district court following the hearing they are then returned to the party who offered them. Nothing in the Court's notes or records reveals that any such documentation was offered, although it is possible that Plaintiff did attempt again to rely upon the executed service on Defendant Scudamore in his previous case. As a matter of course the Court's staff makes copies of any requested documents for the prisoner litigants when they come for hearings.

Under Rule 4(c)(1), a plaintiff generally shoulders the responsibility to serve a copy of his complaint and the summons upon a defendant within the time provided in Rule 4(m).[1] However, in the case of a plaintiff proceeding *in forma pauperis*, the court is obligated to issue process to a United States Marshal, who must then effectuate service upon the defendants. *See* 28 U.S.C. § 1915(c). Although Plaintiff is relieved of the responsibility for service of a summons and complaint, he must still provide the Court with enough information to enable the United States Marshal to effectuate service of process. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985)(dismissal of a "John

---

[1] Federal Civil Procedure Rule 4(m) provides in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Doe" defendant named by a plaintiff proceeding *in forma pauperis* is proper when it appears that the true identity of the defendant cannot be learned). *See also King v. Busby*, 162 Fed.Appx. 669, 671 (8th Cir. 2006)(court's failure to complete service of process on prison nurse, for purposes of prisoner's § 1983 complaint, was not an abuse of discretion where prisoner failed to provide proper address); *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987)(where defendants had left the Department of Correction, and efforts made by plaintiff to locate these defendants for purposes of service were unsuccessful, the district court dismissed without prejudice plaintiff's complaint against them because they had not been served with process within 120 days after the filing of the complaint as required by Fed.R.Civ.P. 4(j)); *Martin v. Serrell*, 2006 WL 488718 at *1 (D.Neb. Feb.27, 2006)(in dismissing DOC defendants sued in their individual capacity because they could not be located, the court held that "[t]he court does everything it can legitimately do, within the court's power, to assist *pro se* prisoner plaintiffs proceeding *in forma pauperis* to accomplish service of process on persons who remain employed by the State or a political subdivision of the State. However, the court cannot become an advocate for, or agent of, either side of a case, and, as a result, tracing defendants who have left their former governmental employment must be left to the devices of a plaintiff and his family, friends or agents.").

      The Court has taken all reasonable steps to accomplish service, including appointing counsel to represent Plaintiff in this matter, based on the information provided to the Court for the purpose of effecting service. Under the circumstances, where the efforts made by plaintiff to locate Defendant Scudamore have been unsuccessful, the Court should dismiss Plaintiff's complaint against him because he has not been served with process within 120 days after the filing of the complaint as required by Fed.R.Civ.P. 4(j)

### III. Conclusion

Accordingly,

IT IS, THEREFORE, RECOMMENDED that the claims against Defendant Scudamore be dismissed without prejudice and Plaintiff's Complaints be DISMISSED.

DATED this  18  day of February, 2009.

                                            UNITED STATES MAGISTRATE JUDGE